IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00220-PSF-CBS

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

SCIENTIFIC RESEARCH GROUP, INC., a Florida corporation; and
BRIAN McCLINTOCK, its Officer and Director,

    Defendants.

_____

**ORDER OF DISMISSAL**
_____

On August 2, 2005, this Court issued an Order to Show Cause why plaintiff's claims under the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227, should not be dismissed for lack of subject matter jurisdiction. The Order to Show Cause pointed out that the Court had previously remanded a TCPA case brought by the same plaintiff that was removed from state court by the defendant. *See Consumer Crusade, Inc. v. Fairon and Associates*, *Inc.*, 2005 WL 1793447 (D. Colo., July 28, 2005). The basis for the remand in *Fairon* was that the TCPA does not contemplate either federal diversity jurisdiction or federal question jurisdiction over private claims brought under it. Removal jurisdiction is recognized only where an action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987). Hence, the *Fairon* case was not removable from state court. State courts are the sole forums for such actions. Plaintiff

responded to the Order to Show Cause on August 15, 2005. For the following reasons, the Court dismisses this action for lack of subject matter jurisdiction.

Unlike the situation in *Fairon*, this case was not removed by the defendant from state court, but was initially brought by the plaintiff in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. That does not change the outcome. As recognized in *Fairon* and in *Gottlieb v. Carnival Corp.*, 367 F. Supp. 2d 301, 307-08 (E.D.N.Y. 2005), there exists neither diversity nor federal question jurisdiction for private causes of action under the TCPA, whereas a state government claim on behalf of its residents can only be pursued in federal court. *See* 47 U.S.C. § 227(f)(2).

There is no doubt from the language of the statute and all circuits that have considered the question that TCPA claims cannot proceed in federal court on the basis of federal question jurisdiction. *See* 47 U.S.C. § 227(b)(3) ("A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" a private TCPA action.); *see also* the federal circuit cases cited in *Fairon, supra,* 2005 WL 1793447 at *1 and in *Gottlieb, supra,* 367 F. Supp. 2d at 303 and n.2. In *Fairon*, this Court found that because it lacked diversity jurisdiction under the TCPA as well, there was no basis for removal. In *Gottlieb,* the plaintiff brought his TCPA case originally in federal court under a diversity theory as well as asserting federal question jurisdiction. His case was dismissed for lack of jurisdication pursuant to F.R.Civ.P. 12(b)(1) under both grounds. Thus, following the holdings of *Fairon* and *Gottlieb*, there is no basis for federal subject matter jurisdiction in the instant case.

Plaintiff's arguments largely rearguing the holding in *Fairon* are unavailing. Plaintiff recognizes that "[t]he question of subject matter jurisdiction under the TCPA has become a statutory conundrum."  Plaintiff's Response to Order to Show Cause at 3.  Given the Tenth Circuit's admonition that if there is ambiguity as to whether a statute confers federal jurisdiction over a case, a "reasonable, narrow construction" of the statute is compelled.  S*ee e.g. Pritchett v. Office Depot, Inc.*, 2005 WL 1994020 *3 (10th Cir., Aug. 18, 2005).  Therefore, the "conundrum" of federal subject matter jurisdiction under the TCPA should be resolved against finding such jurisdiction.

For the foregoing reasons, this action is dismissed without prejudice for lack of subject matter jurisdiction.

DATED: August 23, 2005

BY THE COURT:
s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge